# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **BRENDA PENN**, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )     CIVIL CASE NO.: 2:10-CV 235-MHT |
| **ALABAMA** | ) |
| **DEPARTMENT OF CORRECTIONS**; | ) |
| Et al, | ) |
| Defendants. | ) |

_____

## OPPOSITION TO DEFENDANTS MOTION FOR RULE 11 SANCTIONS
_____

**COMES NOW** the undersigned counsel for Plaintiff in this matter, **CONNIE J. MORROW**, and files this Opposition to the Defendants' Motion For Rule 11 Sanctions, for many reasons but primarily because no act was taken in a purposely vexatious or bad faith manner. It is worth mentioning, that the Plaintiff's case was comprised of an unique set of factual circumstances which she as an initial pro se litigant claimed caused her to feel harassed while employed with ALDOT, so much so she felt forced to retire. One should also note, no case has been filed by undersigned counsel since the Honorable Judge in this matter put the undersigned counsel on notice of his *dislike* of the number of claims the Plaintiff's counsel had brought in a few cases against governmental entities before this Court. The purpose of such was in no way dilatory or in bad faith, but rather in order to protect the Plaintiff's interests adequately and in full. In this particular case at no time did any action that the Plaintiff's Counsel take prolong the litigation, or cost the Defendants' in house legal staff any more funds, in fact it may have sped the process, due to the undersigned fully complying with all

rules and regulations of the court, along with the fact that pro se litigants are given the benefit of a doubt both in District Court and at the appellate level. Such may have caused a pro se litigant to survive longer.  Bottom-line, this is a simple factual dispute between the Plaintiff's counsel and the Defendants' Legal Department which has been somewhat fueled by the District Court Judge being un-familiar with the Plaintiff's trial counsel's long-standing good reputation in both the Southern and Northern District of Alabama federal courts over the past 25 years, former work as an Assistant Attorney General and a Legal Services Attorney, along with being a former Assistant City Attorney of Mobile often defending matters such as this,  and the fact she is very diligent in promoting the causes of her clients.    Nothing in the Defendant's brief amounts to purposeful bad faith.  Plus, the bulk of the Defendants' brief seeking sanctions is generalized, superficial conclusory allegations on the part of ALDOT in an attempt to dissuade the Court from ruling in the Plaintiff's favor.  The Plaintiff's Counsel from the out-set has DENIED the Defendants' false claim that she did not receive a "Right to Sue Letter"; she did and it has been repeatedly produced to Defendants' legal counsel and this Honorable Court.  The Defendants have always mischaracterized the Age Discrimination case, in that the ADOC receives federal funds and must not discriminate against individuals over 40 in any form; which the Plaintiff believes they have numerous times in the facts of this matter, including but not limited to, the selective enforcement of the handicap parking place issue; delaying sending relief for her back up; not allowing her to transfer to another division or go to certain training classes she was interested in attending, etc.

The Defendants' superficially skate over the very relevant state court claims of the

Plaintiff, which the Plaintiff very much wanted to be addressed at the trial in this matter without limits or boundaries. The Plaintiff's counsel asserts because the Defendant's counsel still at this time are aware that the Summary Judgment was not proper in this matter on the state court cases and that a real issue of material fact existed in this matter as to the Plaintiff being Harassed; Subjected to Slander on the Disabled Parking Place issue and Defamed to her supervisors by ADOC management who were not her supervisors who appear to have conspired to create a hostile environment that she continues to this day to believe improperly existed within the management ranks at ADOC which forced the Plaintiff's early retirement from ADOC, after working to build an exemplary personnel record. Plus, the Plaintiff clearly had a Section 1983 due process claim as to how she was singled out for administrative punishment by ADOC not properly training its managers or having any checks of balances in the system to prevent the discrimination, due process and abuse of process claims the Plaintiff Penn made in seeking her day in court. The undersigned counsel has previously on two different occasions informed this Honorable Court and the opposing counsel that this matter was not one in which she screened the claim prior to filing such because the matter had already been filed by the Plaintiff pro se; the facts of this case did not allow such nor did the facts of this case allow the undersigned counsel to investigate the matter fully due to pre-existing time constraints within the matter until Discovery in this matter could be completed. At no time did the undersigned counsel ever discover any reason that all of the Plaintiff's causes of action should not be pursued to trial in this is matter; the Plaintiff's counsel completely disagrees with and denies the allegations of the opposition. The undersigned legal counsel was hired to make sure the

Plaintiff complied with all federal laws, regulations and the local rules. At no time, did the Plaintiff's counsel do anything in bad faith and at all times relevant to this matter she conscientiously continued to believe that the Plaintiff had an actionable cause of action to pursue in Federal Court for reasons of judicial economy. The failure of the Defendants to point to any active wrong doing on the part of the undersigned legal counsel or to negate her earlier proclamations of acting in good faith in pursuing the Plaintiff's pre-existing Federal Court claims and after meeting with the Plaintiff inserting her collateral state law claims which in the opinion of undersigned counsel were even better than her federal causes of action, leave the Plaintiff with the belief that the true party acting in bad faith and in a vexatious manner was the Legal Staff of the Alabama Department of Corrections in this matter. While the Court clearly has the prerogative to disagree with the Plaintiff's position, we seek mercy from the Court in this matter due to the fact that all the cases this Court has had a problem with undersigned counsel's Complaint drafting skills were filed close in time and the undersigned attorney has not filed any Complaint contrary to this Courts instructions since this Court brought to the undersigned's attention the Court's dislike of multiple claims. No attorney should be sanctioned for being a bulldog litigator for their client. The multiple claims issue was how the undersigned was trained in order to not leave out any potential course of action for my clients pre-Discovery. The undersigned received this training while in Law School at Cumberland School of Law in the 1980s under the drafting tutelage of Justice Janie Shores and Justice Red Jones. All the laws cited by opposition post-date this time period.

## BRIEF IN DEFENSE OF UNDERSIGNED COUNSEL AND IN

## OPPOSITION TO RULE 11 SANCTIONS

"The purpose of Rule11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." 2 James Wm. Moore et al., *Moore's Federal Practice* § 11.03 (3d ed.2010) (citing *Cordoba v. Dillard's, Inc.* 419 F.3d 1169, 1179 (11th Cir. 2005); *Baker v. Alderman*, 158 F.3d 515, 521 (11th Cir. 1998). When an attorney files a pleading in federal court, the attorney signs the pleading to certify that, among other things, (1) the pleading is not being presented for an improper purpose; (2) the legal contentions are warranted by existing law or a non-frivolous argument to change existing law; and (3) the factual contentions have evidentiary support or **will likely have evidentiary support after discovery.** *Fed.R.Civ.P.11(b).*

In assessing the propriety of Rule 11 sanctions, this Court asks: "(1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous"----based upon the circumstances *existing at the time* the pleading is filed. *Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001); *Baker v. Alderman*, 158 F.3d 515, 524 (11th Cir. 1998). The advisory committee notes on the amendments to Rule 11 the Court in interpreting and applying this rule. For example, the advisory committee note of 1993 states that Rule 11 as amended to emphasize "the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable." Rule 11 advisory committee note of 1993. The commentary specifically notes that "if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention." *Id.* Finally, "[**t**]**he court is expected to avoid using the wisdom of hindsight and**

should test the signer's conduct by inquiring what was reasonable to believe <u>at the time</u> <u>the pleading, motion, or other paper was submitted.</u>" <u>Rule 11</u> advisory committee note of 1983; *see also Jones v. Int'l Riding Helmets, 49F.3d 692, 695 (11th Cir. 1995)* stating that the "**prohibition against using hindsight to determine whether a pleading had a reasonable basis when filed is intended to protect parties who file pleadings which appear well-grounded when filed, but which discovery or subsequent investigation reveals to be meritless.**" *Id*.

When an attorney signs and files a pleading, the attorney is certifying that every requirement in Rule 11(b) is satisfied; a violation of any one of these requirements is sufficient to support a motion for sanctions. Fed.R.Civ.P. 11(b)-(c). Based upon a review of the entire record and the parties' submissions related to the Rule 11 motion for sanctions, in this matter there is nothing to indicate that the undersigned's action in this matter was anything but honorable in attempting to aide a pro se litigant to be heard and have her day in court to air a multitude of management grievances, supervisory slights and discrimination issues which existed and still exist within the bureaucracy of the Alabama Department of Corrections, as set out in the Plaintiff's Amended Complaint which focused primarily on the lack of proper due process for the Plaintiff in the incidents which she had originally complained of as a pro se litigant. See Amended Complaint. The Plaintiff and undersigned counsel do not agree with the opposition's position that she did not have a programs Age discrimination case; and dispute their false contention that she had not received a "Right To Sue" notice from the EEOC when in fact she had and such was repeatedly shown to opposition and presented to this Court on the Record; and the state law claims spanned from basic state law acts of both civil and criminal harassment by the named individual Defendants in the Amended Complaint to the

detriment of the Plaintiff.   Clearly, a review of the Amended Complaint and all the Plaintiff's Pleadings which followed showed that the undersigned legal counsel had a good faith basis to believe that the Plaintiff-Penn's claim was not objectively frivolous; this is a case where the facts were disputed to the very end of the case and remain disputed at this time. Even in a case where such were not the facts, as this case, where the Complaint had been mistakenly brought on a misunderstanding of fact and had little chance of success from the outset, the Plaintiff's counsel advanced a tenable or plausible legal position, based on his client's belief,  that was not completely and utterly baseless---therefore, Rule 11 sanctions were not in order.  See, *Peer v. Lewis*, 606 F.3d 13061312 (11th Cir. 2010).  Note also that the Opposition did not bring this Motion for Rule 11 Sanctions in a timely manner or ever reveal in any way to the undersigned that any of the Plaintiff's Complaints were frivolous.  A factual disagreement does not by anyone's standards amount to a frivolous lawsuit.  Rule 11 does not promote the imposition of sanctions against legal counsel for Plaintiff based upon untimely motions for sanctions by the governmental, full-time legal staff of the Defendant, who would have been paid the same regardless of the whether the Plaintiff's Federal action was pursued or not.

By definition, a court responding to a motion is not acting *sua sponte*.   Therefore, the Court will analyze ALDOT's motion for sanctions under Rule 11(c)(2).   The advisory committee note on the 1993 amendments to Rule 11 states that "[o]rdinarily the motion should be served *promptly* after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely .... Given the 'safe harbor' provisions ... [in Rule(c)(2)], a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." Fed.R.Civ.P. 11 - advisory committee note of 1993. The rationale for this rule is

simple: "if the court disposes of the offending contention within the 21-day safe-harbor period after service, it becomes impossible under the provision of Rule 11(c)(2) to file the motion or otherwise present it to the court." 2 James Wm. Moore et al., *Moore's Federal Practice* § 11.22[1][c] (3d ed.2010).

    "To justify an award of sanctions….. an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Schwartz v. Millon Air, Inc.,* 341 F.3d 12220, 1225 (11th Cir. 2003). An attorney multiplies the proceedings unreasonably and vexatiously "only when the attorney's conduct is so egregious that it is 'tantamount to bad faith.' " *Amlong & Amlong, P.A. v. Denny's, Inc.,* 500 F.3d 1230, 1239 (11th Cir. 2007). Bad faith is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim (Id. at 1241) which is NOT at all the facts of this matter, the opposition's own brief admits how the undersigned maintained the Plaintiff's position, even at the time the matter was ultimately resolved against the Plaintiff; this however, amounts to a factual dispute--NOT bad faith in any manner. "The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 11214 (11th Cir.1998). When considering sanctions under the court's inherent power, the threshold of bad faith conduct "is at least as high as the threshold of bad faith conduct for sanctions under §1927." *Amlong*, 500 F.3d at 1252. In short, absence a showing of true bad faith in filing or vexatious conduct, the opposition's Motion for Rule 11 Sanctions is not proper and itself looks to be filed in bad faith with vexatious intent to thwart future actions whether meritorious or not fully developed against the Alabama Department of Corrections which has a history of discriminating against

all except white males, according to numerous clients of the undersigned.  For the record, the undersigned cites for the Court's convenience, and the Court Record, all sixteen (16) paragraphs of grounds filed in January of 2011, in Opposition to the Defendants' Motion for Summary Judgment, as further factual and legal support that the Plaintiff and undersigned Counsel set forth legally plausible grounds for assisting in pursuing this matter in the first place; and at no point in time in this matter acted in any manner inconsistent with acting in good faith.

DONE this the 31st day of October, 2011, and respectfully submitted,

_____ s/Connie J. Morrow_____
Connie J. Morrow (MOR057)
Attorney for Plaintiff-Brenda Penn

ADDRESS OF COUNSEL:
**C. J. MORROW CARRAWAY BAKER, LLC**
113 East Bridge Street
Wetumpka, Alabama  36092
(334) 478-4758
morrow@cmorrowlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that served a copy of the foregoing instrument upon the Defendants by electronic means through the federal court system or by placing a copy of the same in the United States mail, postage prepaid and properly addressed, on this the 31st  of  October, 2011, as follows:

Scott L. Rouse
Attorney for Defendants
DOC-Legal
P. O. Box 301501
Montgomery, Alabama    36130-1501

___ s/Connie J. Morrow_____